# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MEGAN ERDLEY, | No. 4:17-CV-2068 |
| Plaintiff, | (Judge Brann) |
| v. | |
| WILLIAM CAMERON ENGINE CO., | |
| Defendant. | |

## MEMORANDUM OPINION

### SEPTEMBER 12, 2018

The William Cameron Engine Company ("WCEC") moved to dismiss the Amended Complaint filed by Megan Erdley. For the reasons that follow, that motion will be denied.

## I. BACKGROUND

WCEC, a fire company operating in Lewisburg, Union County, Pennsylvania, hired Ms. Erdley as an Emergency Medical Technician ("EMT") in 2012.[1] She was promoted to EMT/Firefighter three years later.[2] During her tenure, Ms. Erdley filed a number of grievances against WCEC Chief James T. Blount, alleging that he discriminated against women when disciplining WCEC

---

[1] Erdley's Amended Complaint (ECF No. 21) ¶¶ 2, 9.

[2] *Id.* at ¶ 9.

employees. Ms. Erdley—a female employee—contends she was penalized for rule infractions that her male co-workers routinely committed with impunity.[3]

In 2017, WCEC terminated Ms. Erdley's employment after she posted a work-related comment on her personal Facebook page.[4] Ms. Erdley claims Mr. Blount used the Facebook post to pretextually justify retaliating against Ms. Erdley for previously raising allegations of sex discrimination.[5] She also claims he possessed a long-held ambition to oust all female employees from the fire company.[6]

Ms. Erdley commenced the present action against WCEC in November 2017.[7] In her Amended Complaint, Ms. Erdley alleges sex discrimination and retaliation claims under 42 U.S.C. § 1983 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 200, *et seq*.[8] WCEC has moved to dismiss Ms. Erdley's § 1983

---

[3] *Id.* at ¶¶ 27-35.

[4] *Id.* at ¶ 9.

[5] *Id.* at ¶¶ 27-35.

[6] *Id.* at ¶¶ 10-15.

[7] Erdley Complaint (ECF No. 1). Ms. Erdley initially joined her union, the International Association of Firefighters-Local 4917, in this action alleging breach of its duty of fair representation under Pennsylvania and federal law. *See* Erdley's Amended Complaint (ECF No. 21) ¶¶ 6; 58-69. Ms. Erdley settled with Local 4917 and the union was dismissed. *See* Notice of Settlement (ECF No. 27); Notice of Voluntary Dismissal (ECF No. 30).

[8] Erdley's Amended Complaint (ECF No. 21) ¶¶ 36-57, 70-83.

claims under Federal Rule of Civil Procedure 12(b)(6), arguing that Ms. Erdley has failed to state a claim upon which relief can be granted.[9]

## II. DISCUSSION

### A. Standard of Review

When considering a motion to dismiss for failure to state a claim upon which relief may be granted,[10] a court assumes the truth of all factual allegations in the plaintiff's complaint and draws all inferences in favor of that party;[11] the court does not, however, assume the truth of any of the complaint's legal conclusions.[12] If a complaint's factual allegations, so treated, state a claim that is plausible—*i.e.*, if they allow the court to infer the defendant's liability—the motion is denied; if they fail to do so, the motion is granted.[13]

---

[9] WCEC's Partial Motion to Dismiss (ECF No. 31). WCEC does not move to dismiss Ms. Erdley's Title VII claims so the Court does not address those here.

[10] Federal Rule of Civil Procedure 12(b)(6).

[11] *Phillips v. County Of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).

[12] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[13] *Id. See also Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016).

### B. Whether the WCEC Acted Under Color of State Law Under 42 U.S.C. § 1983

WCEC argues Ms. Erdley failed to plead facts establishing that WCEC acted under color of state law—a threshold issue predicating a defendant's liability under § 1983.[14]

Section 1983 allows plaintiffs to seek redress for federal constitutional and statutory law violations committed by state actors.[15] To plead a § 1983 claim, a plaintiff must allege facts that the defendant acted "under the color of state law"—that is, the plaintiff must have been deprived of a right by state actor.[16]

There is no "simple line" between state and private actors.[17] The inquiry is fact-sensitive and "'[t]he principal question at stake is whether there is a sufficiently close nexus between the State and the challenged action of [the defendant] so that the action of the latter may be fairly treated as that of the State

---

[14] *See Groman v. Township of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995) ("The color of state law element is a threshold issue; there is no liability under § 1983 for those not acting under color of law.") (citing *Versarge v. Township of Clinton, N.J.*, 984 F.2d 1359, 1363 (3d Cir. 1993)).

[15] *See generally* 42 U.S.C. § 1983.

[16] *See Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 175–76 (3d Cir.2010) (holding that "[t]o prevail on a § 1983 claim, a plaintiff must allege that the defendant acted under color of state law, in other words, that there was state action."). In addition to the color of state law requirement, the defendant's conduct must have "deprived complainant of rights secured under the Constitution or federal law." *Sameric Corp. of Delaware, Inc. v. City of Philadelphia*, 142 F.3d 582, 590 (3d Cir. 1998). WCEC does not raise this issue in its motion to dismiss so the Court declines to analyze it here.

[17] *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (quoting *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)).

itself.'"[18]  The United States Court of Appeals for the Third Circuit has outlined three approaches to answer that question:  (1) "whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state"; (2) "whether the private party has acted with the help of or in concert with state officials"; or (3) "whether the [s]tate has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity."[19]

Courts have consistently deemed Pennsylvania fire companies state actors for § 1983 purposes.[20]  In *Mark v. Borough of Hatboro*, the Third Circuit so concluded in large part because "Pennsylvania courts view fire-fighting as a public duty and treat volunteer fire companies for all relevant purposes as state entities."[21]  The Third Circuit also engaged in the requisite fact-sensitive, localized inquiry and found the following circumstances particularly relevant:

> It is apparent that the Borough and [the defendant fire company] are intertwined to a great extent, that [the defendant fire company] depends in large part on the municipality for funding, and that through the granting of benefits and the appointing of [the defendant fire

---

[18]  *Kach*, 589 F.3d at 646 (quoting *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005)).

[19]  *Id.* (quoting *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1142 (3d Cir. 1995)).

[20]  *See, e.g.*, *Mark*, 52 F.3d at 1141 (holding Pennsylvania fire company state actor for § 1983 purposes); *Tallon v. Liberty Hose Co. No. 1*, 485 A.2d 1209, 1211-14 (Pa. Super. 1984) (awarding attorneys fees to plaintiff under 42 U.S.C. 1988 by reasoning plaintiff would have prevailed under § 1983 because volunteer fire department was a state actor).

[21]  *Mark*, 51 F.3d at 1148.

company] as a "duly appointed fire company," the Borough actively encourages it to perform a municipal duty.[22]

*Mark* provides this Court with a framework to determine whether WCEC is a state actor for § 1983 purposes. What *Mark* does not establish, contrary to Ms. Erdley's assertion, is that all Pennsylvania fire companies are state actors as a matter of law. Such an overbroad construction belies United States Supreme Court and Third Circuit jurisprudence establishing the state action inquiry as circumstance-specific and fact-sensitive, and sidesteps the Third Circuit's extensive factual analysis in *Mark*.[23] Moreover, the Third Circuit in *Mark* appeared to narrow its holding, stating that, "[in] the circumstances, we hold that [the defendant fire company] is a state actor for the purposes of this case."[24] Indeed, our sister districts applying *Mark* have engaged in the requisite factual analysis to answer the state action question, and only upon a fully developed

---

[22] *Id*. at 1147.

[23] *See, e.g., Crissman v. Dover Downs Entertainment, Inc*., 289 F.3d 231, 233-34 (3d Cir. 2002) ("Although little is straightforward in determining whether a private actor has acted 'under color of state law,' one directive emerges clearly from the Supreme Court's jurisprudence: the facts are crucial."); *Mark*, 51 F.3d at 1144 (explaining that the state actor "question must be resolved by reference to the particular local facts"); *Id*. at 1147 ("Because Pennsylvania courts view fire-fighting as a public duty and treat volunteer fire companies for all relevant purposes as state entities, and because [the defendant fire company] is the duly appointed fire company of the Borough, we probably could end our analysis here. We nonetheless continue to consider factors relevant to the question of whether [the defendant fire company] is engaged in state action.").

[24] *Mark*, 51 F.3d at 1147.

record at summary judgment have those courts concluded that a fire company's conduct constituted state action.[25]

Here, while this action's nascent procedural posture does not provide the Court with a fully developed factual record to conclusively make such a determination, we need not do so at this stage of the litigation. To survive a motion to dismiss, Ms. Erdley must simply plead facts from which we can infer that WCEC *could* be a state actor subject to § 1983 liability. Ms. Erdley need not *prevail* on her theory that WCEC is a state actor; she must simply allege facts to show that her claim is facially plausible.[26]

Ms. Erdley has satisfied that standard. First, the Amended Complaint states that WCEC is an entity "organized and operating under the laws of [the] Commonwealth of Pennsylvania."[27] As a Pennsylvania fire company operating under Pennsylvania law, we can infer in Ms. Erdley's favor that WCEC may treated as a state actor for § 1983 purposes.[28] Second, the Amended Complaint

---

[25] *See Gemmel v. Hall V.F.D.*, No. 06-CV-1024, 2007 WL 2085327, *5 (W.D.Pa. Jul. 19, 2007) (finding defendant acted under color of state law for § 1983 purposes on motion for summary judgment because firefighting is a traditional government function in Pennsylvania and the fire company received state and local resources); *Eggert v. Tuckerton Vol. Fire Co. No. 1*, 938 F. Supp. 1230, 1240 (D.N.J. 1996) (finding defendant acted under color of state law for § 1983 purposes on motion for summary judgment because fire company was duly appointed by the borough, it received government resources, and New Jersey law has consistently recognized fire protection as a public function).

[26] *See Semerenko v. Cendant Corp.*, 23 F.3d 165, 173 (3d Cir. 2000) ("The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.").

[27] Erdley's Amended Complaint (ECF No. 21) ¶¶ 2.

[28] *Mark*, 51 F.3d at 1147.

states that WCEC "provides firefighting, rescue, and emergency medical services to the greater Lewisburg area in Union and Northumberland counties."[29] The Code of the Borough of Lewisburg designates WCEC as "the officially recognized fire company for the Borough."[30] In addition to authorizing WCEC to provide fire protection services, the Code authorizes WCEC to provide "nonemergency and public service functions."[31] Drawing factual inferences in Ms. Erdley's favor, it is plausible that WCEC has the type of relationship with Lewisburg the Third Circuit found persuasive in *Mark*. Therefore, because Ms. Erdley has "put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element," she has adequately plead that WCEC operated under color of state law for § 1983 purposes.[32]

---

[29] Erdley's Amended Complaint (ECF No. 21) ¶¶ 2.

[30] Erdley's Brief in Opposition to Defendant's Motion to Dismiss (ECF No. 31) at n.6 (citing BOROUGH OF LEWISBURG CODE § 32-1 (2017)).

[31] BOROUGH OF LEWISBURG CODE § 32-2 (2017).

[32] *Thompson v. Real Estate Mortgage Network*, 748 F.3d 142, 147 (3d Cir. 2014).

## III. CONCLUSION

For the reasons discussed above, WCEC's motion to dismiss Ms. Erdley's Amended Complaint will be denied. An appropriate order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge